Wanamakeb., J.,
dissenting. The majority opinion admits that the seven ballots in question should have been counted for the relator, if the ticket was a lawful ticket, and that such counting would have changed the result in favor of the relator. After this concession, which is clear and convincing and *533 supported by tbe common sense of the statute, the majority then proceed to find and hold that the Independent ticket was not legally- a part of the municipal ticket of the city of Cincinnati at that election, and-therefore relator must fail.
It is of little consequence to the city of Cincinnati and state of Ohio who shall be the councilman in the 23d ward of that city, but the doctrine announced in the majority opinion is as dangerous as dynamite in the construction of our constitution. It is to that doctrine that I address myself in this dissent, I agree with Chief Justice Marshall in his view that it was too late to raise this question after the election officials had submitted the ballots to the electors of Cincinnati, who had used them in an election regularly held.
The first and fundamental error into which the majority have fallen in arriving at their conclusion will clearly appear when the doctrine they announce is put into a simple syllogism.
The majority hold that the right to nominate city officers by petition is granted by the statute. This I decisively deny and shall now proceed to define and demonstrate the unsoundness of that position. Their position is simply set forth in the following syllogism, that is always an acid test when available.
Major Premise: All rights to nominate “municipal offices” by petition are granted by statute.
Minor Premise: No statute grants the right to nominate a municipal officer (ward councilman) by petition.
Conclusion: Therefore there is no right to nominate a municipal officer by petition.
*534 If the major premise and the minor premise are sound in fact and law, the conclusion is not only convincing hut irresistible.
The question remains, are such premises sound in fact and law?
The minor premise I admit under the present statute. The major premise I deny. That makes the issue.
The answer to the major premise must he derived not from any statute, not from the decision of any court, hut from the constitution itself — the plain provisions of the people touching the nominations for municipal offices.
Section 7, Article Y of the Ohio Constitution, so far as pertinent reads: “All nominations for elective state, district, county and municipal offices shall be made at direct primary elections or by petition as provided by law.”
The old district school teacher, diagramming or analyzing this sentence, would have no difficulty in showing that the words “as provided by law” modify not only the phrase “by a petition” but also the phrase “at direct primary elections.” Customary usage, grammatical rules, rhetorical construction, political necessity, all require that these words shall modify both “primary elections” and “petition.”
This plain provision of the constitution makes mandatory that “all nominations for elective state, district, county and municipal offices” shall so be made. This is a clear grant to the state and the various political subdivisions thereof by the sovereign people of the state — to themselves and the sovereign people of the several subdivisions of the state, districts, counties and municipalities.
*535 All that remains to be done “by law” is to provide the plan or the machinery by which such grant may be exercised.
If now the reading and reasoning upon this constitutional provision support the claim that the grant of this right is not in the statute, but in the constitution itself, then the syllogism stating the doctrine of the majority should read:
Major Premise: All rights to nominate “municipal office” by petition are granted by the Constitution.
Minor Premise: What the constitution grants the statute may not take away.
Conclusion : Therefore the statute • cannot take away the right to nominate by petition.
Or, putting it in another form, what the constitution grants to the people of the municipality a statute cannot take away. The legislature has in this statute provided a plan for nominating “by petition” and that plan must be available to all the political entities named in the constitution, to-wit, state, district, county and municipality. If the legislature may deny it to one, as the majority opinion contends, it may deny it to any other, to the county, to the district, or to the state, and may exercise its own pleasure as to which political subdivision may enjoy the right of nomination “by direct primary” or “by petition.” The legislature has fully complied with the constitutional provision when it has obeyed the mandate of the people and provided a plan or the necessary machinery for the people to avail themselves of the right to nominate either “by direct primary” or “by petition.” The mandate of the constitution runs for both plans.
*536 I hold that the omission of the word “municipality” in the statute is of no importance, because unnecessary. The constitution enumerates who shall have the right to nominate by direct primary or by petition, when a plan is provided, and the plan being provided in the statute the constitution itself furnishes the political entities to whom that plan is available.
The majority opinion apparently holds that it was up to the legislature to say that it was a matter within its discretion whether or not the people should have the right to nominate by direct primary or by petition.
There is nothing in the language of the constitution to indicate any such discretion. The whole sentence above quoted, and the spirit thereof, clearly show that this duty to merely provide the plan was simply and straightforwardly imposed upon the legislature, for the purpose of the language is that all nominations shall be made in either one of these two methods, which methods shall be available to all the political entities named in the constitutional provision, and the legislature is powerless to either discriminate, ignore, or omit any of them after the constitution names them.
But if it be held that it is necessary to name them (these political entities) in the statute, after the constitution has named them, then the omission to do so would invalidate the whole statute, and the former statute in effect in 1913 would not be repealed but would still be in force.
Having in mind the political abuses of which the people sought to rid themselves, the restraints and the limitations they put on legislative power in that *537 constitution, the legislation that they put into the constitution rather than confide that duty to the general assembly of Ohio, it is unbelievable that the constitution-makers of 1912 ever believed they were conferring upon the legislature the right to say whether or not the people should have nominations by ‘ ‘ direct primary” or “by petition.” There was doubly the reason and right to have it in municipal elections, where too often the people’s rights are plundered by some political boss or coterie.
The very fact that the constitution-makers themselves put into Section 7, Article V, this' language, “but direct primaries shall not be held for the nomination of township officers or for the officers of municipalities of less than two thousand population, unless petitioned for by a majority of the electors of such township or municipality,” clearly and convincingly shows that the right to make the nominations in the two methods provided by the constitution should be carried into the statutes for all the political entities therein named, save and except the exemptions or exceptions made by the constitution itself. The exemptions or exceptions were limited to primaries in townships and municipalities of less than two thousand, where it was made optional. There was no exemption or exception mentioned in the constitutional provision touching the right to nominate by petition. That right was one that was to be available to all political entities, after the legislature provided a plan, which it has done, which should be, and is, available to every municipality in the state.
A right granted by the constitution cannot be denied by legislative enactment or judicial decree.